**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Esvin Leonel Lopez Perez, Employee, Appellant,

v.

Gino's The King of Pizza, Employer, Respondent.

Appellate Case No. 2015-000191

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2016-UP-084
Heard February 1, 2016 – Filed February 24, 2016

———————

**AFFIRMED**

———————

David James Canty, of David J. Canty, P.A., of Myrtle Beach, for Appellant.

Daniel Ray McCoy and Robert Curt Calamari, of Nelson Mullins Riley & Scarborough, LLP, of Myrtle Beach, for Respondent Gino's the King of Pizza.

Clarke W. McCants, III, of Nance, McCants & Massey of Aiken, for Respondent South Carolina Uninsured Employers Fund.

———————

**PER CURIAM:** In this Workers' Compensation Commission (Commission) case, Esvin Leonel Lopez Perez appeals, arguing the Appellate Panel of the Commission (Appellate Panel) erred in affirming the Commission's decision finding Gino's the King of Pizza (Gino's) was not subject to the Workers' Compensation Act (the Act) because Gino's did not regularly employ four or more persons. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Hernandez-Zuniga v. Tickle*, 374 S.C. 235, 244, 647 S.E.2d 691, 695 (Ct. App. 2007) (stating the determination of whether an employer regularly employs the requisite number of employees to be subject to the Act is jurisdictional); *id.* ("The question of subject matter jurisdiction is a question of law."); *id.* ("On appeal from the Workers' Compensation Commission, this court may reverse where the decision is affected by an error of law."); *id.* (providing this court reviews the entire record and decides "whether the preponderance of evidence supports inclusion under the Act"); *id.* at 244, 647 S.E.2d at 696 (stating the appellant bears the burden of showing the decision is against the preponderance of evidence); S.C. Code Ann. § 42-1-360(2) (2015) (providing the Act does not apply to "any person who has regularly employed in service less than four employees in the same business within the State or who had a total annual payroll during the previous calendar year of less than three thousand dollars regardless of the number of persons employed during that period"); S.C. Code Ann. § 42-1-360(1) (2015) (providing the Act does not apply to casual employees); *Hernandez-Zuniga*, 374 S.C. at 257, 647 S.E.2d at 702 (defining "regularly employed" as "employment of the same number of persons with some constancy throughout a relevant time period"); *id.* at 248, 647 S.E.2d at 697-98 ("Where employment cannot be characterized as permanent or periodically regular, but occurs by chance, or with the intention and understanding on the part of both employer and employee that it shall not be continuous, it is casual."); *id.* at 257, 647 S.E.2d at 702 (stating that in determining the relevant time period, the Commission should consider "(1) the employer's established mode of operation; (2) whether the employer generally employs the jurisdictional number at any time during his operation[;] and (3) the period during which employment is definite and recurrent rather than occasional, sporadic, or indefinite").

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**